UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:13CV579-MOC-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER AND** |
| | ) | **JUDGMENT OF FORFEITURE** |
| v. | ) | **(BY CONSENT)** |
| | ) | |
| APPROXIMATELY $295,798.42 IN | ) | |
| UNITED STATES FUNDS, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on the government's motion to lift the stay and for a consent judgment of forfeiture against a portion of the defendant property.

THE COURT FINDS THAT:

1. A verified complaint for forfeiture *in rem* of the defendant property was filed on October 17, 2013. The next day, the Clerk issued a warrant for arrest *in rem*.

2. Process was fully issued in this action and returned according to law. Pursuant to the warrant for arrest *in rem*, as shown by the process receipt and return filed herein on October 24, 2013, the defendant property was deposited into a government suspense account. Service of process was made by internet publication of notice, as shown by the government's declaration filed on November 18, 2013.

3. Notice was served on Teng Lor (Aclaimant@) and on Cha Vang Lor, T&C Equipment, and Lor Enterprises, Inc., (collectively, "claimants"), through counsel.

4. By consent of the government and claimants, this Court stayed this civil case on November 6, 2013, without prejudice to any claimant's right to file a claim and other pleadings or motions.

5. On March 30 or 31, 2015, Teng Lor ("claimant") was charged in a bill of information filed in a related criminal case, No. 3:15CR80-FDW, with tax evasion in violation of 26 U.S.C. § 7201. In a plea agreement filed on April 1, 2015, he agreed to pay full restitution (including interest) to the Internal Revenue Service, consisting of $83,511 for tax year 2010; $788 for tax year 2011; and $95,163 for tax year 2012; and to pay certain other liabilities as provided therein. Further, according to consent forms

submitted with the government's motion, all claimants have agreed to forfeiture of $29,400 of the defendant property in this case, with the remaining $266,398.42 to be returned and held in claimant's attorney's trust account, to be disbursed in accordance with claimant's plea agreement.

6. Based on the affidavit of Task Force Officer Jennifer LaFortune, filed with the complaint, the government has shown probable cause to believe that the defendant property is proceeds of and/or was used or intended to be used to facilitate structuring of currency deposits in violation of 31 U.S.C. ' 5324(a) and that it is therefore subject to forfeiture under 31 U.S.C. ' 5317(c)(2).

7. The parties have agreed to settlement of the forfeiture and of all other matters in accordance with the claimant's plea agreement in the related criminal case. No other person has filed a claim herein within the time permitted by law.

8. As provided in the plea agreement and the consent forms, the government and claimants have agreed to the forfeiture of $29,400.00 of the defendant property and the release of the remaining $266,398.42 to claimant's attorney's trust account, to be disbursed in accordance with the plea agreement.

BASED ON THE FOREGOING FINDINGS, THE COURT CONCLUDES that the government is entitled to a judgment of forfeiture by consent against $29,400.00 of the defendant property.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The government's motion to lift the stay and for a judgment of forfeiture as to $29,400.00 is hereby granted.

2. Any and all right, title and interest of all persons in the world in or to the following property is hereby forfeited to the United States; and no other right, title, or interest shall exist therein: approximately $29,400.00 in United States funds.

3. The United States is hereby directed to dispose of the forfeited defendant property as provided by law and to release $266,398.42 to Attorney Eben Rawls, counsel for claimant, pursuant to the settlement of the parties, to be disbursed in accordance with the plea agreement.

4. Each party shall bear its own costs, including attorney fees.

Signed: April 16, 2015

Max O. Cogburn Jr
United States District Judge